UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GERALD GUDGEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF OKANOGAN, STATE OF WASHINGTON, GAVIN PRATT, in his professional and individual capacities, DAN HIGBEE, in his professional and individual capacities, RANDY TAYLOR, in his professional and individual capacities, RICHARD L. WEBER, WSBA #16583, in his professional and individual capacities, CHRIS CULP, WSBA # 12613, in his professional and individual capacities, JOHN G. BURCHARD JR., WSBA # 7182, in his professional and individual capacities, AARON G. WALLS, WSBA #25266, in his professional and individual capacities,<br><br>　　　　Defendants. | NO.  CV-12-108-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

　　　Before the Court are Defendants' Motion for Summary Judgment (ECF No. 34) and Plaintiff's Motion for Declaratory Judgment (ECF No. 44) and Motion to Correct Error (ECF No. 41). The Court has reviewed the pleadings and has determined that oral argument is not necessary. *See* LR 7.1.

　　　Plaintiff is bringing a Section 1983 action and related state tort claims against Okanogan County, and seven individuals who were players in the underlying criminal prosecution that occurred in 2001-02. Defendant Gavin Pratt, at all times relevant to this proceeding, was an Okanogan County Deputy Sheriff.

**ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT** ~ 1

Defendants Chris Culp and John G. Burchard, Jr. were Okanogan County judges. Defendants Richard Weber and Aaron G. Wells were Okanogan County Deputy Prosecuting Attorneys. Defendants Dan Higbee and Randy Taylor were Okanogan County Building Inspectors.

In July 2002, Plaintiff was convicted by a jury of seven counts of first-degree unlawful possession of a firearm, two counts of intimidating a public servant, and one count of manufacturing a controlled substance–marijuana. He was sentenced to 36 months confinement. Plaintiff appealed his convictions, and the Washington Court of Appeals affirmed his convictions in 2004. He also filed a Personal Restraint Petition in 2005 that was dismissed by the Washington Court of Appeals in 2006; a second personal restraint petition in 2006 that was dismissed because it was successive; as well as a federal habeas petition that was denied in 2008. In 2010, he moved from Relief from Judgment and the Washington Supreme Court affirmed the trial court's denial of his motion.

On February 21, 2012, Plaintiff filed this action, asserting the following claims:

    a. Count 1: 42 U.S.C. § 1983: Trespass (Due process violation; unreasonable search and seizure; equal protection violation; depriving of rights guaranteed by Fourth, Fifth, and Fourteenth Amendments);

    b. Count 2: Assault and Battery (Defendant Pratt and Okanogan County);

    c. Count 3: 42 U.S.C. § 1983: Conspiracy (all Defendants);

    d. Count 4: 42 U.S.C. § 1983: Refusing or Neglecting to Prevent (abuse of process, malicious prosecution) (Defendant Weber, Culp);

    e. Count 5: Aggravated Battery;

    f. Count 6: 42 U.S.C. § 1983: Detention and Confinement;

    g. Count 7: Malicious Prosecution (Defendants Walls, Weber, Pratt, Taylor, Higbee);

    h. Count 8: 42 U.S.C. § 1983: Withhold Evidence;

**ORDER GRANTING DEFENDANTS' MOTION  
FOR SUMMARY JUDGMENT** ~ 2

   i. Count 9: Malicious Abuse of Process (Defendant Weber, Pratt, Taylor, Higbee, County of Okanogan);

  j. Count 10: Washington Laws Against Discrimination (Defendants Prat, Higbee, Taylor, County of Okanogan);

  k. Count 11: Negligence (Defendants Pratt, Higbee, Taylor, Weber, Walls County of Okanogan);

  l. Count 12: Negligent Infliction of Emotional Distress (all Defendants).

## ANALYSIS

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party had the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets it initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ~ 3

The non-moving party must present more than a scintilla of evidence in their favor to survive summary judgement. *F.T.C.*, 559 F.3d at 929.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

Pro se pleadings should be construed liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)("A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations and quotations omitted); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  This is particularly important in civil rights cases. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992).  However, "conclusory allegations of official participation in civil rights violations are not sufficient to withstand [summary judgment]." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Id*.

**A.   Absolute Immunity**

At all times relevant to this action, Defendants Chris Culp and John G. Burchard, Jr. were serving as Okanogan County judges. The allegations against them stem from their actions taken in their official capacity as judges. As such, they are entitled to absolute immunity. *See Sodoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2009) (holding that judges are absolutely immune from suits for damages based on their judicial conduct except when acting "in the clear absences of all jurisdiction.").

The Court dismisses Defendants Chris Culp and John G. Burchard, Jr. from the above-captioned action. The claims asserted against these Defendants are

**ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ~ 4**

dismissed.

**B.    Prosecutorial Immunity**

At all times relevant to this action, Defendants Richard L. Weber and Aaron G. Walls were Okanogan County Deputy Prosecuting Attorneys. Plaintiff's claims against these Defendants rest on acts that were performed in the course of their official duties as prosecuting attorneys. As such, they are entitled to prosecutorial immunity. *See Lacey v. Maricopa Cnty.*, 649 F.3d 1118, 1126 (9th Cir. 2011)

As the Ninth Circuit noted:

> "the Supreme Court has determined that certain government officials require absolute immunity from liability in order to enable them to function independently and effectively, without fear of intimidation or harassment. Accordingly, the Court has granted absolute immunity to ... judges, prosecutors, ... and officials performing quasijudicial functions." *Fry v. Melaragno*, 939 F.2d 832, 835–36 (9th Cir.1991) (internal quotation marks, citations, and footnote omitted). "[T]he protections of absolute immunity accorded prosecutors reflect the [dual] concern[s] that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 923 (9th Cir.2004) (internal quotation marks omitted).

The Court dismisses Defendants Richard L. Weber and Aaron G. Walls from the above-captioned action. The claims asserted against these Defendants are dismissed.

**C.    Heck v. Humphrey**

In his Complaint, Plaintiff asserts that his 2002 conviction and imprisonment were unconstitutional. Under the *Heck v. Humphrey*, in order for Plaintiff to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the conviction or sentence must be called into question in some way–either through direct appeal, expungement, invalidation by a state tribunal, or by a federal court's issuance of a writ of habeas corpus.  512 U.S. 477, 486-87 (1994).  The Supreme Court instructed:

**ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT  ~ 5**

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.*

In this case, Plaintiff is asserting federal causes of actions, which if successful, will necessarily imply the invalidity of his conviction and sentence. The Court dismisses Counts 1, 3, 4 and 6, as barred by *Heck v. Humphrey*.

**D.     Statute of Limitations**

A statute of limitations bars a claim that a plaintiff fails to bring within the proscribed time. Plaintiff's federal and state claims are untimely.

   **a. Federal Claims**

Plaintiff's 1983 claims accrued in 2001 and 2002. The statute of limitations for Plaintiff's 1983 claims is three-years. *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991) ( "[T]he appropriate statute of limitations in a § 1983 action is the three-year limitation of Wash. Rev.Code § 4.16.080(2)."). Plaintiff filed this Complaint well after the statute of limitations period had run.

Plaintiff has not established any basis for equitable tolling. The Court dismisses Counts 1, 3, 4, 6, and 8 as barred by the statute of limitations.

   **b. State Claims**

In his Complaint, Plaintiff asserts state law claims for assault and battery, aggravated battery, malicious prosecution, malicious abuse of process, violation of Washington Law Against Discrimination, negligence, negligence infliction of emotional distress, intentional infliction of emotional distress, and false arrest and imprisonment. All of these claims arise out of his arrest, conviction, and sentence that occurred in 2001-2002.

Under Wash. Rev. Code § 4.16.190, a Washington state action accrues

**ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT  ~ 6**

when the factual basis for the action becomes known to the party bringing the action. With respect to persons imprisoned, once the court sentences the person, the statute of limitations begins to run. *Gausvik v. Abbey*, 126 Wash.App. 868, 880 (2005).

Wash. Rev. Code § 4.16.080(2) provides a three-year limitation period for personal injury actions, including claims for malicious prosecution and abuse of process. *See also Nave v. City of Seattle*, 68 Wash.2d 721, 724 (1966). Actions for false imprisonment and false arrest and assault battery have a two-year limitation period. Wash. Rev. Code § 4.16.100(1). Claims under the Washington Law Against Discrimination must be brought within three years. *Antonius v. King County*, 153 Wash.2d 256, 261-62 (2004).

Here, Plaintiff was sentenced in July, 2002. He did not bring this action until 2012. As such, his state law claims are barred by the corresponding statute of limitations. The Court dismisses Counts 2, 5, 7, 9, 10, 11, and 12.

E.   **Violations of 5 U.S.C. § 3331**

In his complaint, Plaintiff appears to be asserting a claim for violation of 5 U.S.C. § 1331, a statute that relates to the oath of office for civil servants and uniformed services. No private right of action exists under this statute. As such, the Court dismisses this claim.

F.   **Okanogan County**

Plaintiff's claims against Okanogan County are based on the theory of respondeat superior. Because no claims against the individual Defendants have survived summary judgment, the claims against Okanogan County are dismissed as well.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment (ECF No. 34) is **GRANTED**.

///

FOR SUMMARY JUDGMENT ~ 7

2. Plaintiff's Motion for Declaratory Judgment (ECF No. 44) is **DENIED**.

3. Plaintiff's Motion to Correct Error (ECF No. 41) is **DENIED**.

4. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, provide copies to Plaintiff and counsel, and **close the file**.

**DATED** this 22nd day of August, 2012.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Court

Q:\RHW\aCIVIL\2012\Gudgel\sj.order.wpd

**ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT** ~ 8